IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01507-MSK-MJW

COURTNEY MADERA,

Plaintiff,

v.

WAL-MART STORES, INC.,

Defendant.

---

ORDER REGARDING
(1) PLAINTIFF'S MOTION FOR PROTECTIVE ORDER  (DOCKET NO. 46)
AND
(2) PLAINTIFF'S MOTION TO COMPEL (DOCKET NO. 50)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion for Protective Order (docket no. 46) and Plaintiff's Motion to Compel (docket no. 50).  The court has reviewed the subject motions (docket nos. 46 and 60) and the responses (docket nos. 54 and 55) thereto.  In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

Plaintiff alleges in this lawsuit that Defendant Wal-Mart ("Defendant") subjected her to a sexually hostile work environment, gender discrimination, and retaliation, in violation of Title VII.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

2

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That in Plaintiff's Motion for Protective Order (docket no. 46), the Plaintiff argues that there is no need for Defendant to subpoena personnel and wage information from Plaintiff's current employer and from Plaintiff's former employers RGIS, IBMC, and Albertson's. Plaintiff further argues that she will supplement her discovery responses to include the requested information listed above. Lastly, Plaintiff argues that if Defendant is allowed to subpoena such personnel and wage information directly from Plaintiff's current employer, there is a potential that such subpoena will cause Plaintiff's current employer to view her negatively, or with suspicion, and therefore a Protective Order should be issued by this court pursuant to Fed. R. Civ. P. 26(c) to prevent such harm;

5. That the requested information by Defendant as outlined in paragraph 4 above is relevant and probative on the disputed issues of actual damages and mitigation of damages;

6. That a party seeking a protective order must show that a "clearly defined and serious injury" will result to the moving party in the

3

absence of such protective order. Exum v. United States Olympic Committee, 209 F.R.D. 201, 206 (D. Colo. 202); see also Charles A. Wright & Arthur Miller, Fed. Practice and Pro (Civ) § 2035 n.39 ("The courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in or to establish good cause."). Here, Plaintiff has failed to show that she will suffer a "clearly defined and serious injury" in the absence of a protective order and therefore has failed to meet the requirements of Fed. R. Civ. P. 26(c). Consequently, Plaintiff's Motion for Protective Order (docket no. 46) shall be denied;

7. That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears

4

reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id. See Fed. R. Civ. P. 26(b) and (c);

A given topic is relevant if it has "the mere tendency" of making any material fact more or less probable. Fed. Deposit Ins. Corp. v. Wise, 139 F.R.D. 168, 170 (D. Colo. 1991). See Fed. R. Evid. 401;

8. That as to Plaintiff's Motion to Compel (docket no. 50), Plaintiff asserts that Defendant has failed to respond fully to the following three Requests for Production of Document ("RFP"):

   a. RFP No. 3: Produce and identify by Bates numbers any

5

and all complaints, written or verbal, or documentation regarding complaints, written or verbal, made by Ms. Madera;

b. RFP No. 4: Produce and identify by Bates numbers each and every document related to complaints of any kind made against Ms. Bennett;

c. RFP No. 5: Produce and identify by Bates numbers any and all documentation regarding complaints of sexual harassment, including physical and verbal conduct, by any employee of the Wal-Mart Store at which Ms. Madera was employed; and

9. That RFP Nos. 3, 4 and 5 are overly-broad. Furthermore, I find that Defendant has nevertheless produced in response to RFP Nos. 3, 4, and 5 the entire file compiled in the internal investigation of Ms. Madera's sexual harassment allegations which consists of approximately 140 pages of witness statements, interview notes, and business records. Accordingly, no further response is required by Defendant to RFP Nos. 3, 4, or 5, and Plaintiff's Motion to Compel (docket no. 50) shall be denied.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

6

1. That Plaintiff's Motion for Protective Order (docket no. 46) is **DENIED**. Defendant may serve subpoenas *duces tecum* for personnel and wage information from Plaintiff's current employer and from Plaintiff's former employers RGIS, IBMC, and Albertson's. Plaintiff shall provide to Defendant a written release on or before June 15, 2011, for personnel and wage information from Plaintiff's current employer and from Plaintiff's former employers RGIS, IBMC, and Albertson's;

2. That Plaintiff's Motion to Compel (docket no. 50) is **DENIED**; and

3. That each party shall pay their own attorney fees and costs for these motions.

Done this 8th day of June 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE